**John Martin OATIS, David Johnson, Sr., and R. T. Young, Appellants,**

v.

**CROWN ZELLERBACH CORPORATION et al., Appellees.**

No. 25307.

United States Court of Appeals
Fifth Circuit.
July 16, 1968.

Richard B. Sobol, New Orleans, La., Alvin J. Bronstein, Jackson, Miss., Joseph Ray Terry, Jr., New Orleans, La., George Cooper, New York City, Joan Elaine Chauvin, New Orleans, La., for appellants.

Michael J. Molony, Jr., Revius O. Ortique, Jr., C. Paul Barker, New Orleans, La., Russell Specter, David Cashdan, Frank M. Dunbaugh, Robert T. Moore, Michael R. Flicker, Washington, D. C., Robert K. McCalla, New Orleans, La., for appellees.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

This appeal presents the issue whether membership in a class action brought under § 706(e) of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–5(e), is restricted to individuals who have filed charges with the Equal Employment Opportunity Commission. The District Court answered in the affirmative. Mondy v. Crown Zellerbach Corporation, E.D.La., 1967, 271 F.Supp. 258, 264–266. Being of the view that the class was unduly restricted, we reverse.

The suit giving rise to this issue was instituted on March 1, 1967 by four Negro employees (Hill, Oatis, Johnson and Young) of Crown Zellerbach Corporation. The suit was filed against the company and the two local unions representing employees at the Bogalusa, Louisiana plant of the company. Each plaintiff sued on behalf of himself and all present and prospective Negro employees of the plant, as a class, seeking injunctive relief against unfair employment practices as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e–2 and 3.

Prior to this action Hill filed a formal charge against the defendants with the Equal Employment Opportunity Commission (EEOC) in the manner provided for under § 706(a) of the Act, 42 U.S. C.A. § 2000e–5(a). The Commission informed Hill by letter that it had been unable to obtain voluntary compliance from appellees within the 60 days required by the Act. The suit was commenced two weeks later.

Crown and the unions filed motions to dismiss. They contended that an action under Title VII of the Act, 42 U.S. C.A. § 2000e et seq., cannot be brought on behalf of a class, and that in any event plaintiffs Oatis, Johnson and Young could not join in the action as co-plaintiffs inasmuch as they had not filed a charge with the EEOC. The Attorney General, representing the EEOC, was permitted to intervene. See § 706(e) of the Act, supra.

The District Court ruled that the action could be maintained as a class action, but that the class was limited to those Negro employees who had filed charges with EEOC pursuant to § 706(a) of the Act, 271 F.Supp., supra, at pp. 264–266. Oatis, Johnson and Young had not filed such a charge and the motions to dismiss were granted as to them. It is from this dismissal that they appeal.[1]

Under the enforcement provisions of Title VII an aggrieved person is required to file a written charge with the EEOC. § 706(a), supra. Assuming the EEOC finds reasonable cause to believe the charge is true, informal efforts to settle with the employer or union are to be made through conference, conciliation, and persuasion.[2] The filing of such a

---

1. The express determination and direction required by Rule 54(b) F.R.Civ.P., in connection with the entry of judgment has been made and appeal is proper although the case is still pending as to Hill's complaint. See Dore v. Link Belt Company, 5 Cir., 1968, 391 F.2d 671.

2. § 706(a):
   Whenever it is charged in writing under oath by a person claiming to be aggrieved, or a written charge has been filed by a member of the Commission where he has reasonable cause to believe a violation of this subchapter has

charge is a condition precedent to seeking judicial relief. See § 706(e).[3] It is thus clear that there is great emphasis in Title VII on private settlement and the elimination of unfair practices without litigation.

The plaintiffs-appellants maintain that a class action will lie if at least one aggrieved person has filed a charge with the EEOC. Defendants, on the other hand, assert that the administrative, private remedy intent and purposes of the statute will be circumvented and avoided if only one person may follow the administrative route dictate of the Act and then sue on behalf of the other employees. This, they urge, would result in the courts displacing the EEOC role in fostering the purposes of the Act. Defendants also argue that the Act provides for protection of the rights of a class in that § 707(a), 42 U.S.C.A. § 2000e–6, envisions a suit by the Attorney General when he finds that a pattern or practice of discrimination exists. This provision, they say, militates against the position of plaintiffs.

■ The arguments of defendants are not persuasive for several reasons. A similar argument regarding a suit by the Attorney General was rejected by this court in a case brought under Title II of the Civil Rights Act of 1964. Lance v. Plummer, 5 Cir., 1965, 353 F.2d 585. We again reject it. The Act permits private suits and in nowise precludes the class action device.

■ Moreover, it does not appear that to allow a class action, within proper confines, would in any way frustrate the purpose of the Act that the settlement of grievances be first attempted through the office of the EEOC. It would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC. If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume the next one would be successful. The better approach would appear to be that once an aggrieved person raises a particular issue with the EEOC which he has standing to raise, he may bring an action for himself and the class of persons similarly situated and we proceed to an examination of this view.

Plaintiff Hill raised several claims in the charge which he filed with the EEOC. One of these was that he was being discriminated against by the use of segregated locker rooms. Under the District Court's ruling Hill might bring suit and be placed in the white locker room. Other Negroes would have to wait until they could process their charges through EEOC before they could obtain the same relief from the same employer. We do not believe that Congress intended such a result from the application of Title VII. The class should not be so narrowly restricted. This conclusion is in line with several

occurred * * * that an employer, employment agency, or labor organization has engaged in an unlawful employment practice, the Commission shall furnish such employer, employment agency, or labor organization * * * with a copy of such charge and shall make an investigation of such charge, provided that such charge shall not be made public by the Commission. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. * * *

3. § 706(e):
   If within thirty days after a charge is filed with the Commission * * * the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved, or (2) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice * * *.

District Court decisions. See, for example, Hall v. Werthan Bag Co., M.D. Tenn., 251 F.Supp. 184; Bowe v. Colgate-Palmolive Co., S.D.Ind., 1967, 272 F.Supp. 332; Moody v. Albemarle Paper Co., E.D.N.C., 1967, 271 F.Supp. 27, as those cases involve injunctive relief.

The Supreme Court recently made an apt comment on the nature of suits brought under the Civil Rights Act of 1964. See Newman v. Piggie Park Enterprises, 1968, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263, where the court stated:

> "A Title II suit is thus private in form only. When a plaintiff brings an action under that Title, he cannot recover damages. If he obtains an injunction, he does so not for himself alone, but also as a 'private attorney general', vindicating a policy that Congress considered of the highest priority."

Clearly the same logic applies to Title VII of the Act. Racial discrimination is by definition class discrimination, and to require a multiplicity of separate, identical charges before the EEOC, filed against the same employer, as a prerequisite to relief through resort to the court would tend to frustrate our system of justice and order.

We thus hold that a class action is permissible under Title VII of the Civil Rights Act of 1964 within the following limits. First, the class action must, as it does here, meet the requirements of Rule 23(a) and (b) (2).[4] Next, the issues that may be raised by plaintiff in such a class action are those issues that he has standing to raise (i. e., the issues as to which he is aggrieved, see § 706(a), supra), and that he has raised in the charge filed with the EEOC pursuant to § 706(a). Here then the issues that may be considered in the suit are those properly asserted by Hill in the EEOC charge and as are reasserted in the complaint.

Additionally, it is not necessary that members of the class bring a charge with the EEOC as a prerequisite to joining as co-plaintiffs in the litigation. It is sufficient that they are in a class and assert the same or some of the issues. This emphasizes the reason for Oatis, Johnson and Young to appear as co-plaintiffs. They were each employed in a separate department of the plant. They were representative of their respective departments, as Hill was of his, in the class action. They, as co-plaintiffs, must proceed however, within the periphery of the issues which Hill could assert. Under Rule 23(a) they would be representatives of the class consisting of the Negro employees in their departments so as to fairly and adequately protect their interests. This follows from the fact that due to the inapplicability of some of the issues to all members of the class, the proceeding might be facilitated by the use of subclasses. In such event one or more of the co-plaintiffs might represent a subclass. It was error, therefore, to dismiss appellants. They should have been permitted to remain in the case as plaintiffs but with their participation limited to the issues asserted by Hill.

Reversed and remanded for further proceedings not inconsistent herewith.

4. Rule 23, F.R.Civ.P.:
    (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

    (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
    *    *    *    *    *    *
    (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the case as a whole;