**LOCAL 179, UNITED TEXTILE WORK-
ERS OF AMERICA, AFL–CIO,
Appellant,**

v.

**FEDERAL PAPER STOCK COM-
PANY, Appellee.**

No. 71–1637.

United States Court of Appeals,
Eighth Circuit.

Submitted May 11, 1972.

Decided June 16, 1972.

Rehearing and Rehearing En Banc
Denied July 19, 1972.

Bruce S. Feldacker, Charles A. Wer-
ner, St. Louis, Mo., for appellant.

William C. Dale, Jr., Clayton, Mo., for appellee.

Before MATTHES, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

This appeal arises from a dismissal of the appellant's (the Union's) complaint below for the reason that the Union had no standing to maintain the action under the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f), *on behalf of* its Union members.[1] The trial court subsequently denied the Union's motion for leave to file an amended complaint in order to join additional parties (employees allegedly discriminated against) possessing the requisite standing.

■■ The trial court dismissed the complaint without prejudice. The question of whether this Court has jurisdiction to entertain the appeal under 28 U.S.C. § 1291 was taken up *sua sponte.* Generally, there is no final order for purposes of appellate review where the complaint, but not the action, is dismissed. People of the United States ex rel. Kelly v. Bibb, 255 F.2d 772 (CA7 1958) and McAfee v. Gray, 201 F.2d 109 (CA9 1953). Here, however, the trial court in denying appellant's motion to amend the complaint, clearly made a determination that the action could not be saved by amendment. Since this ruling was tantamount to a dismissal of the action, we conclude the required finality is present. See Jackson v. Nelson, 405 F.2d 872 (CA9 1968).[2]

The motion to amend the complaint and join members of the class allegedly discriminated against was denied for the reason that none of the female employees sought to be joined as parties plaintiff had filed written charges with the Equal Employment Opportunity Commission, a condition precedent to maintaining this action in federal court. 42 U.S.C. § 2000e–5(e). The Court reasoned that since they had not complied with this condition, they also lacked standing to sue under the Act. We disagree.

The issue is whether the jurisdictional prerequisites to suit have been satisifed. Stated more specifically, have the administrative remedies available to the female employees sought to be joined as parties plaintiff been sufficiently exhausted, thus enabling these "aggrieved parties" to maintain the action?

Generally, the Act envisions persons injured by discrimination in their employment filing written charges with the EEOC. Upon a determination of reasonable cause to believe the charges are true, the Commission is to endeavor to eliminate such unlawful employment practices by the informal methods of conference, conciliation and persuasion. If these efforts fail, the Commission then is to notify the person aggrieved that they may seek relief in federal court.

■ A review of the massive litigation under the Act discloses vigorous assertion by employers of numerous technical defenses involving procedural noncompliance with the above process. The courts in nearly all cases have refused to uphold such defenses.[3] It is now settled,

---

1. The Union claimed appellee discriminated against its female workers in not granting them wage increases on March 1, 1968, as required under a bargaining agreement. One month beforehand, appellee had increased the wages of these female workers by an amount exceeding the bargained-for raise but did so in order to comply with the new federal minimum wage laws.

2. Accordingly, we shall consider the motion for leave to amend and its denial as part of the record even though the order dismissing the complaint is the only order appealed from.

3. For example: (1) All members of the discriminated class need not file charges with the EEOC. Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (CA5 1968); (2) Failure of the EEOC to investigate or attempt any conciliation is not fatal. Carr v. Conoco Plastics, Inc., 423 F.2d 57 (CA5 1970) and Johnson v. Seaboard Airline Railroad Co., 405 F.2d 645 (CA

however, that a complaining party must satisfy two jurisdictional prerequisites in order to bring suit under Title VII: (a) a charge must be filed with the EEOC, and (b) statutory notice from the EEOC of the right to sue must be received. Robinson v. Lorillard Corp., 444 F.2d 791 (CA4 1971); Beverly v. Lone Star Lead Construction Corp., 437 F.2d 1136 (CA5 1971); Flowers v. Local No. 6, Laborers Int'l Union of North America, 431 F.2d 205 (CA7 1970); Fekete v. U. S. Steel Corp., 424 F.2d 331 (CA3 1970) and Local 186 Int'l Pulp, Sulphite and Paper Mill Workers v. Minnesota Mining and Mfg. Co., 304 F. Supp. 1284 (N.D. Ind. 1969). In other words, it is clear that a person seeking redress for employment discrimination may not bypass the EEOC and proceed directly to the federal courts. Miller v. Int'l Paper Co., 408 F.2d 283 (CA5 1969).

■ On March 22, 1968 the Union filed with the EEOC a charge of discrimination on behalf of the female employees. The EEOC assumed jurisdiction on July 17, 1968 and on October 9, 1970 determined there was reasonable cause to believe the discrimination charge true. Attempts at conciliation were unsuccessful and on January 11, 1971 the EEOC gave the statutory notice of the right to sue. We have, therefore, clearly no attempt by the female employees sought to be joined to bypass the EEOC. A charge was filed concerning their alleged injury, the EEOC made the appropriate administrative determinations, conciliation was attempted and the statutory notice was given. Under these special circumstances, we view the fact that it was the Union, and not the female employees, who filed the charge insignificant. Additionally, we find no Fed.R.Civ.Pro. 23 class action problems present here since the claims of the persons sought to be joined are exactly those passed on by the EEOC.[4] Finally, it is clearly the established practice of the EEOC to accept charges filed by Unions claiming discrimination in the terms or conditions of member's employment. See, e. g., Local 186, supra; and EEOC Decision No. 71-1547, E.P.G. ¶6228 (March 30, 1971). Even assuming this practice to be in error as applied to this case, for this Court to now hold that the error rises to the level of a jurisdictional defect would be unconscionable.

■ When necessary to establish jurisdiction leave to amend should be freely granted under Fed.R.Civ.Pro. 15(a). United Steelworkers of America, AFL–CIO v. Mesker Bros. Industries, Inc., 457 F.2d 91 (CA8 1972). The motion was neither futile nor prejudicial to the appellee. For the reasons stated, we conclude the trial court should have granted the motion to amend the complaint. In so holding, we find it unnecessary to consider whether the Union has *standing to sue on behalf of* the female employees.

Reversed and remanded for proceedings consistent with this opinion.[5]

---

4 1968); (3) No finding of "reasonable cause to believe the charges are true" made by the EEOC is necessary. Flowers v. Local No. 6, Laborers Int'l U., 431 F. 2d 205 (CA7 1970) and Fekete v. U. S. Steel Corp., 424 F.2d 331 (CA3 1970). See also, Green v. McDonnell Douglas Corp., 463 F.2d 337 (CA8 March 30, 1972). *Cf.* Robinson v. Lorillard Corp., 444 F.2d 791 (CA4 1971).

4. See, *e. g.* Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (CA5 1968).

5. We note that under the 1972 amendments to the Act, charges of discrimination may be filed *on behalf of* a person claiming to be aggrieved, but a civil action against the respondent named in the charge may be instituted only by the person claiming to be aggrieved. 42 U.S.C. § 2000e–5(b) and (f) (1) (as amended by the Equal Employment Opportunity Act of 1972).