Janice SCHOEPPNER, on behalf of herself and on behalf of all persons similarly situated and International Brotherhood of Electrical Workers Local Unions 1635, 1636, and 1637, Unincorporated Associations, Plaintiffs,

v.

GENERAL TELEPHONE COMPANY OF PENNSYLVANIA, Defendant.

Civ. A. No. 76–49 Erie.

United States District Court, W. D. Pennsylvania.

Aug. 10, 1976.

William Johnson, Pittsburgh, Pa., for plaintiffs.

Irving Murphy, Erie, Pa., for defendant.

## OPINION

WEBER, District Judge.

The plaintiffs, Janice Schoeppner and the International Brotherhood of Electrical Workers, Local Unions No. 1635, 1636, and 1637, filed a complaint in this court against the defendant, the General Telephone Company of Pennsylvania, under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. [1975], alleging that the defendant discriminated against Schoeppner and the other members of the class she purports to represent on the basis of sex. Pursuant to 42 U.S.C.A. § 2000e–5(e), Systems Council T–1, I.B.E.W., AFL–CIO; filed with the Equal Employment Opportunity Commission (hereinafter, "EEOC") a charge regarding the claims of discrimination that now form the basis of this lawsuit, but without mentioning Janice Schoeppner or any other individual as a victim of the Defendant's alleged discriminatory practices. The EEOC issued to the Systems Council T–1 a "right to sue" letter, a statutory prerequisite to the subject matter jurisdiction of this court, 42 U.S.C.A. § 2000e–5(f)(1). The defendant now moves to dismiss on the grounds that the plaintiffs' jurisdiction is fatally defective since the "right to sue" letter was issued to Systems Council T–1, and not to any of the named plaintiffs in this action.

For the purpose of this motion we will ignore the technical distinction between Systems Council T–1 and the plaintiff Local Unions. Although the assertion of the plaintiffs' brief is not evidence on this record, the court will take judicial notice of that which can be proven. The relationship between the Systems Council and the Local Unions within the I.B.E.W. was fully developed before the court in other litigation recently conducted. Fed.R.Evid. 201(b)(2); *United States v. Verlinsky,* 459 F.2d 1085 [5th Cir. 1972].

We accept for this motion that Systems Council T–1 is an organization within the I.B.E.W. comprised of the officers of Locals 1635, 1636 and 1637, whose chairman is George T. Stack, listed as president of Local 1636 in the collective bargaining agreement. The function of Systems Council T–1 is to act as bargaining agent for these three Locals in arriving at their single collective bargaining agreement with their employer.

■ In view of the practical identity of Systems Council T–1 and the Local Unions named as Plaintiffs, we hold that the issuance of the "right to sue" letter to Systems Council T–1, instead of to one of the named local unions, should not result in the dismissal of this lawsuit. We are impelled by the fundamental principle of Title VII actions that "procedural niceties" should not bar a plaintiff from a judicial hearing on the merits of his claim, *Berg v. Richmond Unified School District,* 528 F.2d 1208, 1212 [9th Cir. 1975]; *Jones v. United Gas Improvement Corp.,* 383 F.Supp. 420, 424 [E.D.Pa.1975]; *Shaffield v. Northrop Worldwide Aircraft Services, Inc.,* 373 F.Supp. 937, 940 [M.D.Ala.1974]; see *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465 [5th Cir. 1970].

That a labor organization is a proper party to file an EEOC charge on behalf of its members is well-established as is the right of a labor union to file suit in a United States District Court under Title VII of the Civil Rights Act.

42 U.S.C.A. § 2000e–5 [1975] provides that "a person claiming to be aggrieved" may bring suit in federal court under Title VII after the EEOC has issued to him a "right to sue" letter.

A labor union is a "person" for the purpose of Title VII:

*§ 2000e. Definitions*

For the purpose of this subchapter—
(a) the term "person" includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in bankruptcy, or receivers. 42 U.S.C.A. § 2000e(a)

■ That a union is a "person" for purposes of Title VII suggests that a union may be a "person aggrieved" or a "person claiming to be aggrieved" since neither of the latter terms are defined specifically. *International Chemical Workers v. Planters Mfg. Co.,* 259 F.Supp. 365 [N.D.Miss.1969] held that a union is a "person aggrieved" within the meaning of § 706(a) and (e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–5(a) and (e), relying on a ruling of the EEOC issued on May 6, 1966. The court adopted this ruling, stating that the interpretation of a statute by an implementing administrative agency deserves heavy weight. The court also relied on a series of decisions involving administrative agencies that recognize the standing of group plaintiffs as a "person aggrieved" where the group, *qua* group, has an interest in the outcome of the administrative agency's decision, although it may represent broader community interests at the same time. See *Scenic Hudson Preservation Conference v. FPC,* 354 F.2d 608 [2nd Cir. 1965], cert. denied sub nom., 384 U.S. 941, 86 S.Ct. 1462, 16 L.Ed.2d 540 [1966]; *Office of Communication of the United Church of Christ v. FCC,* 123 U.S.App.D.C. 328, 359 F.2d 994 [1966]; *EEOC v. American Tel. & Tel. Co.,* 365 F.Supp. 1105 [E.D.Pa.1973] (union may intervene in suit brought by EEOC as "person aggrieved" where complaint is no greater in scope than EEOC complaint); see also *Local 186, Inter. Pulp, Sulphite and P. M. W. v. Minnesota Mining and Manufacturing,* infra.

■ Apart from their status as an "aggrieved party", unions have standing to sue as representatives of their members and may seek individual relief for their members (e. g. back pay, reinstatement) and injunctive relief in Title VII cases. See *Rosen v. Public Service Electric & Gas Co.,* 477 F.2d 90, 94 n. 8 [3rd Cir. 1973]; cf. *EEOC v. Rinella & Rinella,* 401 F.Supp. 175, 185 [N.D.Ill.1975] (women's organization has Title VII standing to sue law firm employer).

In *Local 186, Inter. Pulp, Sulphite and Paper Mill Workers v. Minnesota Mining and Manufacturing,* 304 F.Supp. 1284 [N.D. Ind.1969], a union brought a class action against an employer on behalf of itself and all of its members who had been discriminated against on the basis of sex. The union had filed an EEOC charge, mentioning in particular acts of discrimination against one Donna Perry. No union member filed an EEOC charge. The court held that the union, seeking back pay and injunctive relief, was not precluded from maintaining the action on behalf of itself and on behalf of its members who had been discriminated against on the basis of sex, 304 F.Supp. at 1295.

A more critical and difficult problem arises from the presence of an individual plaintiff on this record, Janice Schoeppner, who sues in her own right and as a representative of a class of individuals affected. Janice Schoeppner never filed a charge with the EEOC, was not individually named in the charge filed by the Systems Council, and is not named in the EEOC right-to-sue letter. In fact, the "right to sue" letter refers to no individual person who might be named as a class member. We can assume that the EEOC charge refers to discriminatory treatment of a class of employees because it relates to pregnancy and its consequences, a condition not applicable to all employees in the present stage of the evolution of the human race.

The critical question is whether an EEOC charge filed by a labor organization representing the affected employees and clearly indicating alleged discriminatory treatment of a class of employees, but mentioning no employee by name, confers standing on an individual member of that class to join as

an individual plaintiff and as a class representative in this suit.

Plaintiffs argue that Janice Schoeppner was the affected employee whose sexual discrimination grievance was processed by the plaintiff unions through arbitration under the collective bargaining agreement in this matter, which facts are recited in the EEOC charge.

■ *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496 [5th Cir. 1968] held that it was unnecessary for all of the named plaintiffs in a class action to file a charge with the EEOC as long as one of the representative class-plaintiffs has done so. This case has been widely followed: *Franks v. Bowman Trans. Co.,* 495 F.2d 398 [5th Cir. 1974]; *Bowe v. Colgate Palmolive Co.,* 416 F.2d 711 [7th Cir. 1969]; *Burwell v. Eastern Airlines, Inc.,* 394 F.Supp. 1361 [E.D.Va.1975]; *Jones v. United Gas Improvement Co.,* 383 F.Supp. 420 [E.D.Pa.1975].

The decision most directly on point is *Local 179 United Textile Workers v. Federal Paper Stock Company,* 461 F.2d 849 [8th Cir. 1972], in which a labor union brought suit under Title VII on behalf of its female members. The union filed with the EEOC a charge of discrimination and received a "right to sue" letter. After filing suit, the union timely moved to amend its complaint to join individual union members as co-plaintiffs. The trial court denied the motion.

The Court of Appeals ruled that the Union's motion to join union members as individual co-plaintiffs should not have been denied because the motion presented "no attempt by the female employees . . . to bypass the EEOC", and because the claims of the persons sought to be joined are exactly those which the EEOC considered in issuing a "right to sue" letter to the union, thus precluding any Fed.R.Civ.P. 23 problems, 461 F.2d at 851. Accordingly, the court permitted individual union members to be joined as co-plaintiffs with the local union who had instituted the suit and filed the EEOC complaint, despite that none of those who sought to be joined had filed a complaint with the EEOC.

■ Title VII provides that "every person claiming to be aggrieved" has standing to bring suit. It is clear, however, that not every such person must procure a "right to sue" letter before commencing lawsuit provided that a co-plaintiff has procured a "right to sue" letter with respect to the same claim of discrimination. *Oatis v. Crown Zellerbach,* supra.

■ A named plaintiff, that represents the same class that another named plaintiff represents, does not need to file an EEOC charge to continue as a named plaintiff if the other named plaintiff has filed an EEOC charge; *Oatis v. Crown Zellerbach,* supra; *Jones v. United Gas Improvement Corp.,* supra. The importance of *Jones* and *Oatis* is that a named plaintiff who has not received a "right to sue" letter is bound by the scope of the "right to sue" letter that was issued to the named plaintiff.

*Jones, Oatis* and *Local 179* all seem to rely on the fact that both the named plaintiffs are members of the same class as an assurance that the non-filing plaintiff does not bring to the litigation any issues that were not presented to, and considered by, the EEOC or present any Rule 23 class action problems.

*Local 179* stands by itself in support of allowing Schoeppner to proceed as a named plaintiff, in that it equates a labor union with an individual for purposes of Title VII standing.

Other courts have suspended the requirement that all named plaintiffs file charges with the EEOC when the individual plaintiff who filed the charge brought the claims of all of the plaintiffs before the EEOC; see, e. g. *Oatis* supra, and *Jones,* supra. The foregoing analysis suggests that unions are similar to individuals in that both unions and individuals qualify as "persons", and as "persons aggrieved" under Title VII. In addition, both individuals and unions have standing to represent a class of plaintiffs in a Title VII action. Given this equivalence, there seems little reason why an individual, like Schoeppner, who has not

filed charges with the EEOC, should not be permitted to join as a co-plaintiff a labor union who has filed EEOC charges if the individual brings no claims to the litigation that were not encompassed by the union's EEOC complaint.

The congressional policy perpetuated by the requirement that a plaintiff receive a "right to sue" letter before commencing a lawsuit is to insure that the EEOC notify the defendant of the claims of discrimination and attempt to secure voluntary compliance with the law before the plaintiff commences litigation. *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711 [7th Cir. 1969]. Despite that the "right to sue" letter was addressed to the Systems Council T–1 and not to one of the named plaintiffs, the defendant received notice of the nature of the complaint and the EEOC had the opportunity to procure voluntary compliance with the law with respect to the claims of discrimination now before this court. Because any difference between the named plaintiffs and the party filing the EEOC charge did not obstruct the achievement of the congressional policy underlying Title VII, the Defendant's Motion to Dismiss will be denied.