/s/ MARY S. BURDICK,
PATRICIA TENOSO
Western Center on Law
and Poverty
3535 West Sixth Street
Los Angeles, CA 90020
Attorneys for plaintiffs in
*Underwood.*

JAMES C. STURDEVANT
San Fernando Valley Neighborhood Legal Services
13327 Van Nuys Boulevard
San Fernando Valley
Pacoima, CA 91331

JOHN DZIAMBA
Attorneys, acting on behalf
of the plaintiffs in *Dubose*
and the other Connecticut
cases listed in paragraph
1 above

LAWRENCE B. COSHNEAR
Legal Aid Bureau, Inc.
341 North Calvert Street
Baltimore, Maryland 21202
Attorney for plaintiffs
in *Ross*

/s/ CATHERINE M. BISHOP
National Housing Law
Project
2150 Shattuck Avenue
Berkeley, CA 94704
Attorney for plaintiffs
in *Abrams*

/s/ RONALD S. JAVOR
Legal Aid Foundation
of Long Beach
363 West Sixth Street
San Pedro, CA 90731
Attorney for plaintiffs
in *Abrams*

Dated October 13, 1978

/s/ RUTH T. PROKOP,
General Counsel
Department of Housing and
Urban Development
451 Seventh Street, S.W.
Room 10214
Washington, D.C. 20410

ROBERT L. KOPP

ROBERT S. GREENSPAN

MARYANN CLIFFORD

HIRAM C. EASTLAND, JR.
Attorneys, Civil Division
Department of Justice
Washington, D.C. 20530
Acting on behalf of the
federal defendants in
the above cases.

**MARIN COUNTY CHAPTER OF the NATIONAL ORGANIZATION FOR WOMEN et al., Plaintiffs,**

v.

**The COUNTY OF MARIN, Defendant.**

**No. C–76–1239 AJZ.**

United States District Court,
N. D. California.

Feb. 26, 1979.

Dimitri K. Ilyin, Ksenia Tsenin, San Francisco, Cal., for plaintiffs.

Douglas J. Maloney, County Counsel, Marin County, Thomas G. Hendricks, Asst. County Counsel, San Rafael, Cal., for defendant.

## ORDER GRANTING MOTION TO DISMISS AND TO DECERTIFY

ZIRPOLI, District Judge.

Defendant County of Marin has moved this court for an order dismissing the case as to named plaintiffs Hall and Roberts on the grounds that neither of these persons filed timely EEOC charges as required by 42 U.S.C. section 2000e–5. Defendant further contends that since Hall and Roberts are the only proper class representatives in this case,[1] the class tentatively certified at the hearing of September 25, 1978, should now be decertified for lack of a class representative. Plaintiffs have attempted to argue that no EEOC charge is required where a co-plaintiff has filed a timely charge, that plaintiff being, in this case, the Marin County Chapter of the National Organization for Women ("NOW"). In addition, plaintiffs have argued that since defendant stipulated to the filing of an amended complaint adding Hall and Roberts as plaintiffs, defendant may not now complain that Hall and Roberts are not proper plaintiffs. For the reasons discussed below, the court grants the defendant's motion to dismiss and to decertify.

On the timeliness of the EEOC charge, the law is clear. The failure to file a timely charge is jurisdictional and bars a person from asserting a claim for which no charge was filed. *United Air Lines v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). If the person did not file a charge, that person may be a member of a class where the representative did file a timely charge, *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975), and such a person may even be a representative plaintiff so long as one or more of the named plaintiffs did file a timely charge. *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496 (5th Cir. 1968). Such a person may not, however, put forward any claim not within "the periphery of issues" raised by the named plaintiff whose charge was filed in a timely manner. *Id.* at 499.

The rationale for permitting a person who did not file a charge to enter an action with one who did file a charge is that it would be pointless to require every worker to file a charge when it is apparent that the charges filed by his or her co-worker have been fruitless. Such a requirement would be to demand a idle act, and the court does not require idle acts. *Oatis, supra.*

1. The court has previously ruled that NOW may not be the representative of a plaintiff class.

It is clear that the *Oatis* rationale is inapplicable to the charge filed by NOW. *Oatis* anticipated the situation where, for example, two or three of a dozen workers filed charges and received no action, so that their co-workers were discouraged from filing additional charges. Here, however, there is *no* evidence that a single worker filed an EEOC charge in a timely manner, and even if one had, *Inda v. United Air Lines*, 565 F.2d 554 (9th Cir. 1977), requires that that person be a member of the suit.

Nor can Hall and Roberts hide behind NOW's charge on the basis of *Schoeppner v. General Telephone Co.*, 417 F.Supp. 453 (W.D.Pa.1976), for that case is easily distinguished. First, an EEOC charge filed by the union was filed on behalf of Ms. Schoeppner, and indeed the discrimination complained of was that to which she had allegedly been subjected. Thus the question was whether the right to sue letter, as a technical matter, had been issued to Schoeppner or to the union on her behalf. Here, on the other hand, there is no claim that NOW's EEOC charge included the claims of Hall and Roberts, for in fact the EEOC charge filed by NOW was filed *prior* to the discrimination alleged by Hall and Roberts. Thus, *Schoeppner* should be considered inapplicable to the facts of this case, and to the extent that it permits an organization's members to file lawsuits without charges where the organization itself has filed a charge, the reasoning of the case should be rejected as contrary to the reasoning of *Oatis*, the seminal case in this area.

██ As to the claim that defendants waived the defect by stipulating to the amendment of the complaint, there is no doubt that the court is not bound by stipulations to waive jurisdiction defects. A federal court is a court of limited jurisdiction, created by Congress, and cannot hear cases where a congressional mandate clearly excludes jurisdiction, irrespective of the wishes of the parties. At any rate, defendant's stipulation to the amendment to the complaint is not a stipulation to permit the plaintiffs to survive a motion to dismiss.

██ The motion to dismiss as to plaintiffs Hall and Roberts is therefore granted, and because there is no proper class representative, the class tentatively certified by the court is hereby decertified.

Defendant had, in addition, requested a protective order to prevent the discovery of some 31,000 applications for employment. In view of the fact that NOW, the only remaining plaintiff, seeks only an injunctive remedy, the court will not pass on the motion for a protective order today, but instead stays discovery until such time as NOW can demonstrate that further discovery would be relevant to its case. This stay has as one of its objectives encouraging the parties to meet for purposes of resolving this action as it relates to any prospective injunctive remedy to which NOW may be entitled.

ORDERED ACCORDINGLY.