**Roosevelt POSEY, Plaintiff,**

v.

**James H. WEBB, Secretary, United States Navy, Defendant.**

**Civ. A. No. 84–119–ATH (WDO).**

United States District Court,
M.D. Georgia,
Athens Division.

Oct. 18, 1988.

Joseph C. Nelson, III, Athens, Ga., for plaintiff.

Michael C. Daniel, Macon, Ga., Susan D. Warshaw, OGC, Dept. of Navy, Washington, D.C., for defendant.

### ORDER

OWENS, Chief Judge.

In an order dated June 27, 1988, this court denied defendant's motion that the above-captioned case be dismissed due to plaintiff's failure to file a timely complaint. On July 22, 1988, defendant moved this court to alter or amend the June 27 order. Defendant correctly advised this court that its previous order failed to address defendant's motion to dismiss as such motion was premised upon plaintiff's failure to exhaust his administrative remedies. The court undertakes to correct that omission with the following order.[1]

The entire history of how this case came to its present position need not be reported

---

1. By letter dated August 22, 1988, plaintiff's attorney agreed "that the issue should be decided on the briefs previously submitted by the parties."

by this court. However, the inclusion of certain relevant facts will serve to crystallize the narrow question now under consideration. Plaintiff Roosevelt Posey, who at the time relevant to this lawsuit was an employee at the Navy Supply Corps School in Athens, Georgia, initiated a charge of reprisal on August 6, 1982. By letter dated August 20, 1982, plaintiff Posey initiated "a class complaint of [d]iscrimination, (disparate treatment and disparate impact) against the Navy Supply Corps School, Athens, Georgia, for intentionally maintaining a continuous practice of institutionalized discrimination that impedes and stagnates unjustly the progress of blacks...." By letter dated September 2, 1982, plaintiff Posey indicated a willingness to withdraw his "Informal Class Action Complaint filed on August 20, 1982" in exchange for certain commitments from the Navy Supply Corps School. On January 26, 1983, plaintiff Posey re-initiated the filing of his class complaint because the Navy Supply Corps School allegedly insisted on its practices of reprisals and disparate treatment of black people.

Plaintiff Posey's class complaint was forwarded to the Equal Employment Opportunity Commission ("EEOC") and that agency issued its recommended decision on May 26, 1983. The EEOC Examiner concluded that plaintiff Posey's complaint failed "to allege that the requirements for a class action (29 C.F.R. 1613.604(b)(7)(i-iv)) have been met.... It mentions no common questions of fact or law or typicality of claims. It does not give an adequate basis for finding numerosity or that the other class action requirements have been met." Based upon the foregoing reasons, the Examiner recommended that plaintiff's complaint be rejected.

By letter dated June 3, 1983, plaintiff Posey was informed that the Naval Supply Corps School had accepted the Examiner's recommendation and that plaintiff's allegations of class discrimination had been rejected. That letter notified plaintiff of his "right to file an individual complaint of discrimination within fifteen (15) calendar days after receipt of this letter." The letter also informed plaintiff that the decision to reject plaintiff's complaint constituted the final decision of the Department of the Navy and that plaintiff had twenty (20) calendar days within which to appeal.

Plaintiff did not pursue his individual claims. Instead, by letter dated June 22, 1983, plaintiff Posey appealed the Department of the Navy's decision to the Office of Review and Appeals of the EEOC. Plaintiff reiterated his desire to bring a class complaint. By letter dated September 10, 1984, the EEOC through the Office of Review and Appeals issued its final decision regarding plaintiff's appeal. In relevant part, that decision reads as follows:

> The record does not establish that the class is so numerous that consolidation of individual complaints is impractical. The record does not establish any common facts or common questions of law between appellant and other employees. In addition, the record does not establish that appellant has any claims that are typical to those of any other employees. Finally, the record does not establish that appellant or his representative will fairly and adequately protect the interest of the class. Appellant's complaints are the result of his personal dissatisfaction with how the agency has treated him individually. At one stage he withdrew the class complaint. The class agent must aggressively pursue the interests of the class. The class can not be represented by a class agent who withdraws the class complaint and attempts to reinstate it months later when he feels his personal complaints are not being addressed by the agency as he desires.

Having affirmed the decision below rejecting plaintiff's class complaint on the above-described procedural grounds, the Office of Review and Appeals informed plaintiff of his right to file within thirty (30) days a civil action in the appropriate United States district court.

Plaintiff, proceeding *pro se*, initially filed his class action complaint in the United States District Court for the Northern District of Georgia. The action should have been brought, and ultimately was brought, in the United States District Court for the

Middle District of Georgia. Defendant's motion to dismiss on the grounds that plaintiff's action was untimely filed was initially granted by this court. That order was vacated by the Eleventh Circuit and remanded for further consideration. Upon further consideration and in light of the doctrine of equitable tolling, this court determined that plaintiff's action was timely filed, and defendant's motion to dismiss was denied. *See* C.A. No. 84–119–ATH (WDO), Order dated June 27, 1988.

Following remand but prior to this court's consideration of the filing issue, plaintiff filed an amended and substituted complaint in which he dropped his class action allegations and pursued individual claims of discrimination. Defendant now moves this court to dismiss plaintiff's complaint of individual discrimination for failure to exhaust his administrative remedies.

### Discussion

■ The issue before the court is as follows: whether a plaintiff, who has filed a class action complaint alleging discrimination which has been rejected by the EEOC on procedural grounds and who has filed, as is his right, a class action complaint in the appropriate United States district court, may maintain an action premised upon a subsequently amended complaint which includes only claims of individual discrimination. This court feels constrained to answer that question in the negative.

■ "A prerequisite to the filing of a Title VII lawsuit is the exhaustion of administrative remedies." *Griffin v. Carlin,* 755 F.2d 1516, 1529–30 (11th Cir.1985), citing *Brown v. General Services Administration,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402, 411 (1976). "The purpose of the administrative exhaustion requirement is to put the agency on notice of all issues in contention and to allow the agency an opportunity to investigate those issues." *Griffin,* 755 F.2d at 1531. The permissible scope of a judicial complaint, then, is governed by the scope of the ad-

ministrative investigation which could reasonably be expected to grow out of the administrative charge of discrimination. *Id.* at 1522. For example, a plaintiff desiring to litigate in federal court class claims of Title VII discrimination must exhaust the administrative remedies relating to class complaints.[2] *See Lewis v. Smith,* 731 F.2d 1535, 1540 (11th Cir.1984). "No longer may a plaintiff who has exhausted individual administrative remedies litigate class claims 'like or related to' the individual claims presented and investigated at the administrative level...." *Wade v. Secretary of Army,* 796 F.2d 1369, 1373 (11th Cir.1986), citing *Griffin,* 755 F.2d at 1531–32.

■ In the reverse situation, where a plaintiff seeks to assert individual claims of discrimination in federal court following the EEOC's consideration of either a multiple plaintiff, non-class action suit or a class action complaint which involves similar allegations of discrimination, the courts have found that the purpose of the exhaustion requirement has been served and that a particular plaintiff's failure to file an individual charge with the EEOC does not preclude the consideration of the individual's claims of discrimination. *See Jackson v. Seaboard Coast Line Railroad Co.,* 678 F.2d 992 (11th Cir.1982); *Schoeppner v. General Telephone Co. of Pennsylvania,* 417 F.Supp. 453 (W.D.Pa.1976); *Oatis v. Crown Zellerbach Corp,* 398 F.2d 496 (5th Cir.1968); *Association of Flight Attendants v. Texas International Airlines,* 89 F.R.D. 52 (S.D.Tex.1981). In *Jackson,* the court held that in a "multiple-plaintiff, non-class action suit, if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement." *Jackson,* 678 F.2d at 1011 (citations omitted). In both *Schoeppner* and *Association of Flight Attendants,* the respective courts held that the class repre-

---

2. *See* the comprehensive class action regulations codified at 29 C.F.R. §§ 1613.601, *et seq.*

sentative's[3] exhaustion of administrative remedies vitiates the necessity of an individual plaintiff asserting similar claims to file a charge with the EEOC. *Schoeppner,* 417 F.Supp. at 457; *Association of Flight Attendants,* 89 F.R.D. at 60. Following the above-discussed cases, this court believes that plaintiff Posey's individual claims, if similar to those asserted in the class action complaint filed with the EEOC by Posey as class representative, would be cognizable in an action in federal court.

However, the above discussion does not end the court's consideration. In the instant case, the EEOC Examiner and the EEOC Office of Review and Appeals determined both that no class existed and that, if one did exist, plaintiff was not an adequate representative. The EEOC never considered the merits of plaintiff's charges. In *Wade, supra,* "[a]ppellants [argued] that an employee whose class complaint has been rejected for failure to comply with 'procedural requirements' may nontheless be deemed to have exhausted administrative remedies so as to be entitled to seek *de novo* review of his or her class claims of discrimination in federal court." *Wade,* 796 F.2d at 1375. The Eleventh Circuit disagreed. The court determined that in such a situation the district court must ascertain "whether the employee has complied with regulatory requirements when the defendant raises the issue of failure to exhaust administrative remedies." *Id.* at 1376. The question is whether the class prerequisites have been met, not whether the complaint has failed to allege that the prerequisites have been met. If the district court determines that the agency rejected "the individual or class complaint

without cause," the court should conclude that administrative remedies have been exhausted and should proceed to try all issues in the case on their merits. *Id.* at 1378. "Of course, if the court determines that the employee did not properly present his or her claims so as to afford the agency an opportunity to resolve the dispute, then summary judgment in favor of the defendant is in order." *Id.*

In the case *sub judice,* then, the first question this court should normally consider is the propriety of the agency's rejection of plaintiff's class complaint on procedural grounds.[4] However, plaintiff has dropped his class action complaint in favor of his individual claims. It would be improper for this court to review the agency's rejection when that issue is no longer before the court. It further appears that the court is precluded from asserting jurisdiction over plaintiff's individual claims in that the agency never considered those claims on their merits. At no time did the EEOC consider plaintiff's class or individual claims on their merits. While *Wade, supra,* would permit this court to consider those claims upon a finding that the agency improperly rejected plaintiff's class action complaint, plaintiff's course of action in dropping his class allegations and pursuing only individual claims of discrimination requires this court to determine that plaintiff has failed to exhaust his administrative remedies. Upon receiving notice of the Department of the Navy's final decision rejecting his class complaint, plaintiff was informed that he could pursue an individual complaint. *See* 29 C.F.R. 1613.604(k) and the final decision from the EEOC Office of

---

3. In each of the two cited cases, the class representative was a union to which the individuals desiring to bring individual claims apparently belonged. Further, the court notes that the individual plaintiffs joined in an action in which the class action litigation continued. Those facts do not alter this court's opinion that the general proposition—that an individual may pursue in federal court individual claims of discrimination where those claims are similar to claims initially brought to and investigated by the EEOC as a class action—applies to plaintiff Posey's situation.

4. Upon review of the EEOC's rejection upon procedural grounds of plaintiff's class complaint, this court would have considered whether the class prerequisites were actually met rather than merely examining plaintiff's allegations. *See Wade,* 796 F.2d at 1377. The court notes that while the EEOC Examiner's recommendation seemed to focus on plaintiff's allegations, the EEOC Office of Review and Appeals' decision appeared to look beyond plaintiff's allegations and thus applied the proper standards. *See* 29 C.F.R. § 1613.604(b)(7). At any rate, the EEOC's rejection of plaintiff's class complaint is not properly before the court.

Review and Appeals. Plaintiff failed to do so.[5]

Based upon the above discussion, this court determines that plaintiff has failed to exhaust his administrative remedies regarding his allegations of individual discriminatory treatment. Therefore, defendant's motion to dismiss the amended complaint is GRANTED.

SO ORDERED.

---

5. The court notes that plaintiff was experienced in the grievance procedure. He has been engaged in various disputes with the Naval Supply Corps School regarding allegedly discriminatory activities since at least 1976.