Ivan Von ZUCKERSTEIN, Dr. Devabhaktuni Ramaswami, Dr. Han Chang, Dr. Mohan Jain and Josip Vrsek, Plaintiffs,

v.

ARGONNE NATIONAL LABORATORY, Defendant.

No. 86 C 6304.

United States District Court, N.D. Illinois, E.D.

June 17, 1987.

Charles Barnhill, Jr. and Bridget Arimond, Davis, Barnhill and Galland, Chicago, Ill., for plaintiffs.

R. Clay Bennett, David P. Radelet, Matkov, Griffin, Parsons, Salzman & Madoff, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiffs Zuckerstein, Ramaswami, Chang, Jain and Vresk, all foreign-born employees or former employees of Argonne National Laboratory ("Argonne"), filed suit in August 1986 alleging discrimination on account of national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. Plaintiffs allege that Argonne placed them

in lower-paying positions, denied them promotions to higher positions and supervisory jobs, removed them from heading projects, laid them off, and refused to reemploy them because they were born in foreign countries. Argonne moves to dismiss Dr. Chang as a plaintiff for failure to file charges in a timely manner with the Equal Employment Opportunity Commission (EEOC), as required by section 706(e) of Title VII, 42 U.S.C. § 2000e–5(e), and failure to file suit within 90 days of receiving a "right to sue" letter from the EEOC, as required by section 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1).[1] Because we consider matters outside the pleadings, we treat Argonne's motion as a motion for partial summary judgment. For the following reasons, we grant defendant's motion in part.

## FACTS

Plaintiff Zuckerstein had been employed by defendant as an economist since 1976. In April 1983, Zuckerstein was informed that he would be laid off due to lack of funding, effective June 1, 1983. In September 1983, Zuckerstein filed a "Charge of Discrimination" with the EEOC alleging discrimination on account of national original (German-Jewish-Czechoslovakian). Specifically, Zuckerstein complained that he was not given a raise, was denied a promotion, was given secretarial duties and was laid off because he was born in a non-English-speaking country.

Plaintiff Ramaswami, of Indian origin, was employed by defendant as a chemical engineer for 23 years before being laid off in September 1985. That same month Dr. Ramaswami filed an EEOC complaint alleging discrimination by defendant on account of national origin. He claimed he was given work that normally would not have been given to an employee with his qualifications, not promoted, and ultimately laid off for lack of funding because he was foreign-born.

Plaintiff Chang, a mechanical engineer of Chinese origin, was laid off by defendant in May 1983, after being employed for several years as a mechanical engineer. Dr. Chang filed a complaint with the EEOC in February 1985, claiming discrimination on account of national origin. He alleged that defendant discriminated against employees born in non-English-speaking countries by not promoting them to middle and upper management, by removing them from being in charge of programs they developed, by replacing them with native-born employees and then by laying them off for lack of funding. Additionally, Chang alleged that the defendant discriminated by not rehiring him.

Plaintiff Jain, of Indian origin, had been employed by defendant for approximately five years as a mechanical engineer and was terminated for lack of funding effective January 15, 1985. In January 1985, Jain filed an EEOC complaint alleging discrimination on account of national origin. Dr. Jain charged defendant discriminated against him because he was born in a foreign country by removing him from management of the programs he created and laying him off. Jain further alleged defendant had a long-standing record of removing non-native-born employees from management of projects, not promoting them to mid-management positions and laying them off, purportedly for lack of funding.

Plaintiff Vresk, who was born in Yugoslavia, has worked for defendant since 1976 as an engineer. He filed a complaint with the EEOC in April 1985, alleging discrimination on account of national origin. Vresk claimed defendant discriminated against foreign-born employees by excluding them from managerial positions and removing them from supervision of projects.

Except for Dr. Chang, the EEOC issued each plaintiff a "right to sue" letter on June 17, 1986. Dr. Chang was issued a

---

1. Subsequent to defendant's motion to dismiss, plaintiffs filed a second amended complaint alleging violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981. Defendant's motion to dismiss only relates to the Title VII claims.

right-to-sue letter on April 30, 1985, more than a year earlier.

## DISCUSSION

It is undisputed that plaintiff Chang did not comply with two procedural requirements of Title VII: timely filing of an EEOC complaint and filing suit within 90 days after receipt of a right-to-sue letter ("the procedural requirements").[2] Consequently, Chang could not maintain a Title VII action on his own. *Dalton v. Employment Sec. Comm'n,* 671 F.2d 835, 837 (4th Cir.), *cert. denied,* 459 U.S. 862, 103 S.Ct. 138, 74 L.Ed.2d 117 (1982). It is also undisputed that plaintiff Zuckerstein complied with these procedural requirements.[3] Therefore, the issue before the court is whether in a non-class action multi-plaintiff suit a plaintiff who does not comply with these Title VII procedural requirements (the non-complying plaintiff) may join with a plaintiff who has complied with these procedural requirements (complying plaintiff) and if so, under what circumstances.

### I. The Single-Filing Rule

Plaintiff Chang contends that he is excused from complying with the two procedural requirements of Title VII under the "single-filing rule." The single-filing rule allows a non-complying plaintiff to join a suit initiated by a complying plaintiff under certain circumstances. *Snell v. Suffolk County,* 782 F.2d 1094, 1100 (2d Cir.1986).

The policy behind requiring Title VII plaintiffs to first submit a charge to the EEOC is to allow the EEOC "an opportunity to settle disputes ... before the aggrieved party [is] permitted to file a lawsuit." *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d

147 (1974). The EEOC filing also provides "prompt notice to the employer," *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982), furthering the policy of conciliation. The policies behind these procedural requirements are satisfied in class action suits where there is at least one complying plaintiff. *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496, 498 (5th Cir.1968). Not requiring multiple EEOC filings avoids futile acts because

> [i]t would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC. If it is impossible to reach a settlement with one discriminatee, what reason could there be to assume that the next one would be successful.

*Id.* at 498.

The Seventh Circuit has accepted this rationale for class action suits. *Romasanta v. United Airlines, Inc.,* 537 F.2d 915, 918–919 & n. 7 (7th Cir.1976), *aff'd sub nom., United Airlines, Inc. v. McDonald,* 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977). However, that court has not considered the single-filing rule in a non-class action context where a non-complying plaintiff seeks to join a suit with a complying plaintiff.

Although in recent cases the Seventh Circuit has stated generally that a plaintiff must comply with these procedural requirements of Title VII, it has not faced the issues presented by this case. In *Wakeen v. Hoffman House, Inc.,* 724 F.2d 1238 (7th Cir.1983), the court refused to allow a non-complying plaintiff to replace the sole class representative where the complaint of the class representative who initiated the suit (and complied with the Title VII proce-

---

**2.** This court's discussion will deal only with the late filing or non-filing of the EEOC charges. The parties do not argue that a different standard applies to his failure to file a lawsuit within 90 days. Consequently, we treat Chang as a non-filing plaintiff. We note that because Chang's EEOC charge was untimely, filing suit within 90 days would have been a futile act. In fact, as we discuss, the only way Chang can maintain a Title VII action is by relying on the single-filing rule, which in turn requires a complying plaintiff. In this case the complying

plaintiff (Zuckerstein) did not receive his right-to-sue letter and thus did not file suit until Chang's 90–day time period was long past. If the policies behind Title VII would be satisfied by a non-filing plaintiff in this situation, it would be unfair to penalize Chang for filing an EEOC charge.

**3.** Whether Dr. Chang could rely on the EEOC charges filed by the other plaintiffs is an issue we need not address. *See* note 6 *infra.*

dures) was dismissed. *Id.* at 1246. Thus, there was no complying plaintiff left for the non-complying plaintiff to join. In *Eichman v. Indiana State University,* 597 F.2d 1104 (7th Cir.1979), a non-complying plaintiff was permitted to rely on an EEOC charge in which he was named as an aggrieved person, but which he did not sign personally. *Id.* at 1107–08. The *Eichman* court allowed the non-filing plaintiff to maintain a Title VII action on his own because 42 U.S.C. § 2000e–5(b) provides for charges filed on behalf of an aggrieved person. The court did not discuss the single-filing rule. There is no indication in *Eichman* that the single-filing rule is limited to cases where the non-filing plaintiff is named in a timely EEOC charge.

The courts in this district that have faced issues similar to those involved here are divided. One court has held that the single-filing rule is not applicable in non-class action multi-plaintiff cases. *Stewart v. Hannon,* 28 Fair Empl.Prac.Cas. (BNA) 1162, 1165–66 (N.D.Ill.1980). In a more recent case, however, another court in this district relied on Title VII cases by analogy to conclude that the single-filing rule applied to multi-plaintiff non-class action suits brought under the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. §§ 621 *et seq. Anderson v. Montgomery Ward & Co.,* 631 F.Supp. 1546, 1549 (N.D.Ill.1986).[4] The *Anderson* court clearly stated:

> In Title VII actions, courts have not required an expressly representative EEOC charge as a prerequisite to joinder by claimants who fail to file their own timely charges.

*Id.* at 1549.

Because there is no controlling precedent in this circuit, nor a clear trend in this district as to whether the single-filing rule should apply, we look to the rulings in other circuits. Six other circuits now recognize the single-filing rule. *Snell v. Suffolk County,* 782 F.2d 1094, 1100–01 (2d Cir.1986); *Lilly v. Harris-Teeter Supermarket,* 720 F.2d 326, 335 (4th Cir.1983), *cert. denied,* 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 539 (1984); *Ezell v. Mobile Hous. Bd.,* 709 F.2d 1376, 1381 (11th Cir. 1983); *Foster v. Gueory,* 655 F.2d 1319, 1323 (D.C.Cir.1981); *Wheeler v. American Home Prods. Corp.,* 563 F.2d 1233, 1239 (5th Cir.1977); *Allen v. Amalgamated Transit Union Local 788,* 554 F.2d 876, 882–83 (8th Cir.), *cert. denied,* 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977). Most of these cases were decided later than *Stewart,* and it appears the law has changed since *Stewart* was decided. No circuit has held against the single-filing rule where a complying plaintiff is a party to the suit. Therefore, the clear trend in the other circuits is to recognize the single-filing rule, at least under appropriate circumstances.[5]

The various circuits extended the single-filing rule to non-class action suits by relying on the Title VII policies of providing notice to the employer and encouraging conciliation. *See, e.g., Snell,* 782 F.2d at 1101; *Foster,* 655 F.2d at 1323. For example, in *Allen,* fifteen black plaintiffs sued under Title VII alleging racial discrimination in failing to grant them seniority rights. Even though only two plaintiffs filed EEOC charges, and they did not request class certification, the court allowed all plaintiffs to maintain a Title VII action because "it would be nonsensical to require each of the plaintiffs to individually file

---

4. The policies and goals of Title VII and ADEA are similar and courts may apply cases under one statute to questions of construction raised under the other statute. *Stearns v. Consolidated Management, Inc.,* 747 F.2d 1105, 1111 (7th Cir. 1984); *Vance v. Whirlpool Corp.,* 716 F.2d 1010, 1011–12 (4th Cir.1983), *cert. denied,* 465 U.S. 1102, 104 S.Ct. 1600, 80 L.Ed.2d 130, *cert. denied,* 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 873 (1984). *See also Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 754–58, 99 S.Ct. 2066, 2070–72, 60 L.Ed.2d 609 (1979).

5. In *Inda v. United Air Lines, Inc.,* 565 F.2d 554 (9th Cir.1977), *cert. denied,* 435 U.S. 1007, 98 S.Ct. 1877, 56 L.Ed.2d 388 (1978), the Ninth Circuit required plaintiffs in non-class action suits to comply with Title VII procedures. *Id.* at 559. Although *Inda* involved noncomplying plaintiffs attempting to use others' filings but not to join those lawsuits, a district court has cited *Inda* for the proposition that the single-filing rule is not good law. *Carson v. City of Bakersfield,* 35 Fair Empl.Prac.Cas. (BNA) 1471, 1472 (E.D.Cal.1984).

administrative charges with the EEOC" (footnote omitted). *Allen*, 554 F.2d at 882–82. Furthermore, the *Allen* court relied on the arguments in *Oatis*, pointing out the futility of filing when conciliation with a filing plaintiff had failed. *Id.* at 883 n. 9.

*Foster* also was a racial discrimination Title VII suit. In *Foster*, the district court denied class certification to the plaintiffs who had filed EEOC charges. The non-filing plaintiffs were permitted to intervene in the action. The *Foster* court also emphasized the conciliation policy of Title VII and under the facts of the case concluded that if the EEOC could not settle the filing plaintiffs' claims it would be improbable that the EEOC could have settled the non-filing plaintiffs' claims had they been filed. *Foster*, 655 F.2d at 1322. The Fifth Circuit followed the same reasoning in applying the single-filing rule to a sex discrimination case. *Wheeler*, 563 F.2d at 1239. The *Wheeler* court, also citing the reasoning in *Oatis*, applied this reasoning to a non-class action case where the non-filing plaintiffs were "similarly situated persons" to the complying plaintiffs. *Id.*

■ The appellate courts that have accepted the single-filing rule believe that such a rule effectuates the policies of Title VII. We agree. We therefore hold that under appropriate circumstances the single-filing rule may be invoked by plaintiffs who have not complied with the procedural filing requirements of Title VII.

## II. Requirements of the Single-Filing Rule

Two factors must be present for non-complying plaintiffs to invoke the single-filing rule. First, at least one complying plaintiff must be a party to the suit. *Jackson v. Seaboard Coast R.R.*, 678 F.2d 992, 1011–12 (11th Cir.1982); *see Scarlett v. Seaboard Coast R.R.*, 676 F.2d 1043, 1050 (5th Cir. Unit B 1982). Defendant has not challenged the timeliness of Zuckerstein's EEOC complaint, nor challenged Zuckerstein's standing as a plaintiff in this case. Because there is at least one complying plaintiff who is a party to this suit, the first factor of the single-filing rule is satisfied.

### A. Similarity of Claims

The second requirement of the single-filing rule is that the plaintiff's claims "must have arisen out of similar discriminatory treatment in the same time frame." *Jackson*, 678 F.2d at 1012. Although other courts have stated the standard in somewhat different terms, the emphasis is always on the policies underlying the Title VII filing requirements. For example, in *Crawford v. United States Steel Corp.*, 660 F.2d 663, 666 (5th Cir. Unit B Nov. 1981), the court stated that the policy behind the EEOC procedural filing requirements was not served by requiring plaintiffs to file "essentially identical charges." *Crawford* involved charges of racial discrimination in employment practices and the court concluded that the filed claims were "substantially similar" to the complaints of the non-complying plaintiffs. *Id.* at 666. Similarly, the Fourth Circuit held that although racial discrimination claims were not "precisely the same," they were "sufficiently similar" to excuse filing. *Lilly*, 720 F.2d at 335.

The *Foster* court clearly stated the interrelationship between the similarity standard and the Title VII policies:

It thus appears that the critical factor in determining whether an individual Title VII plaintiff must file an EEOC charge, or whether he may escape this requirement by joining with another plaintiff who has filed such a charge, is the similarity of the two plaintiffs' complaints. Where the two claims are so similar that it can fairly be said that no conciliatory purpose would be served by filing separate EEOC charges, then it would be "wasteful, if not vain," [citation omitted] to require separate EEOC filings.

*Foster*, 655 F.2d at 1322.

■ We therefore conclude that the test for application of the single-filing rule is not whether the claims are identical but whether the EEOC complaints are similar enough such that the policies behind Title

VII are not contravened by excusing the filings.

## B. Similarity of Chang's Complaint to Zuckerstein's EEOC Charge

Before we can compare Chang's complaint with Zuckerstein's EEOC charge, we must determine how broadly to read it. It is well established in this circuit that a Title VII complaint may include any " 'discrimination like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations.' " *Jenkins v. Blue Cross Mutual Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir.) (*en banc*) (*quoting Danner v. Phillips Petroleum Co.,* 447 F.2d 159, 162 (5th Cir.1971)), *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976). *See also Babrocky v. Jewel Food Co.,* 773 F.2d 857, 864 (7th Cir.1985); *cf. Caldwell v. National Ass'n of Home Builders,* 771 F.2d 1051, 1054 (7th Cir.1985) (brought under ADEA). Because EEOC charges are generally brought by lay people and not lawyers, this more liberal standard is appropriate. *Babrocky,* 773 F.2d at 864. Thus the filing of the EEOC complaint serves to notify employers so long as "all of the allegations in the complaint are quite closely related to the factual allegation of the [EEOC] charges." *Id.* at 866. In fact, the Seventh Circuit has stated that these limitations on the scope of the EEOC charges serve the same policies as the timely filing requirements: notice and encouraging conciliation through the EEOC. *Id.* at 863.

■ The Second Circuit has recently applied this *Jenkins/Babrocky* standard to determine if requirements of the single-filing rule were satisfied. *Snell,* 782 F.2d at 1101. We agree with that approach. Therefore, because allowing an expanded reading of Zuckerstein's complaint is consistent with Title VII's policies, we shall measure Chang's judicial claims against "discrimination like or reasonably related to the allegations" in Zuckerstein's EEOC charge.

■ In his EEOC charge plaintiff Zuckerstein (the complying plaintiff) claimed discrimination on the basis of national origin.[6] Zuckerstein alleged he was given demeaning duties, was not given a raise, was not promoted, and was laid off on account of national origin. In paragraph 6 of the charge, Zuckerstein specifically alleged that "none of the important management and supervisory positions" in defendant's organization "are held by persons in non-English speaking countries."

The second amended complaint filed in this court alleges discrimination in employment conditions on account of national origin by placing non-American-born employees in lower-paying positions, not promoting these employees, removing these employees from heading projects for which they secured funding and replacing them with American-born employees, downgrading these employees on their evaluations and assigning them to demeaning duties (plaintiffs' second amended complaint ¶¶ 9(a)-(e), (g), (h)). The complaint also alleges discrimination in laying off these employees in favor of American-born employees, *Id.* at 9(f), and not rehiring former foreign-born employees. *Id.* at 9(i).

Zuckerstein's EEOC complaint clearly mentions discrimination in promotions and in laying off foreign-born employees. The Courts of Appeals have held complaints by non-complying plaintiffs of alleged discrimination in promotions sufficiently similar to the EEOC charges of complying plaintiffs alleging discrimination in promotions. *Lil-*

---

**6.** Plaintiffs Ramaswami, Jain and Vresk also filed complaints with the EEOC alleging discrimination on account of national origin. However, these charges were initiated after the time limit expired for Chang filing his complaint. Only one case, *Ellis v. Duke University,* 34 Fair Empl.Prac.Cas. (BNA) 125 (E.D.N.C. 1982), involved a non-complying plaintiff attempting to rely on an EEOC charge filed after his time period for filing his own EEOC complaint had expired. The *Ellis* court, however, did not discuss this issue but dismissed the non-complying plaintiff's Title VII action because his claim did not meet the similarity requirement of the single-filing rule. *Id.* at 127–28. Because the parties have not briefed the issue of whether Chang may rely on these later filings and because we arrive at the same result considering only Zuckerstein's EEOC charge, we do not decide this question.

*ly,* 720 F.2d at 335;[7] *DeMedina v. Reinhardt,* 686 F.2d 997, 1013 (D.C.Cir.1982); *Jackson,* 678 F.2d at 1012; *Crawford,* 660 F.2d at 666. *But cf. Fressell v. AT & T Technologies, Inc.,* 35 Fair Empl.Prac.Cas. 658, 660 (N.D.Ga.1984) (ADEA case). By this same reasoning, Chang's claim of discriminatory termination is sufficiently similar to Zuckerstein's charge to be included under the single-filing rule.

Although Zuckerstein's EEOC charge does not explicitly state that he was removed from the head of a project for which he secured funding, paragraph 11 of the charge does allege he was removed from work on a project because of his national origin. Mindful that the EEOC complaint should be interpreted in accordance with the *Jenkins/Babrocky* standard, Zuckerstein's EEOC complaint can be said to put defendant on notice of discrimination in removal of foreigners from project work. For example, the *Babrocky* court held that an EEOC charge about sex discrimination in job classification was sufficient to sustain a complaint encompassing discrimination in hiring, recruiting, transfers and promotions. *Babrocky,* 773 F.2d at 864–65. Similarly, removal from heading a project is "reasonably related" to the allegations of discharge for lack of funding. Furthermore, if the administrative process did not result in relief for Zuckerstein there is little reason to believe a timely EEOC filing by Chang would have resulted in a settlement of his complaint.

■ Chang's claim with respect to denial of reemployment is different. Clearly, Zuckerstein's charge makes no mention of denial of reemployment. The Fourth Circuit has held that where a complying plaintiff alleges discrimination in employment on account of race, a non-complying plaintiff who alleges discrimination in hiring also on account of race does not meet the standard required to invoke the single-fil-

ing rule. *Dalton,* 671 F.2d at 838. *But see Shannon v. Hess Oil Virgin Islands Corp.,* 100 F.R.D. 327, 330–32 (D.V.I.1983).

Furthermore, Chang cannot claim that rehiring discrimination is "reasonably related" to discrimination in termination or in employment practices. In *Caldwell,* a case brought under the Age Discrimination in Employment Act, the Seventh Circuit was faced with a plaintiff who claimed in his EEOC charge that he was discharged and then not rehired. The court stated that if the EEOC charge had only alleged discriminatory termination, they would have affirmed the district court's dismissal of the plaintiff's complaint. *Caldwell,* 771 F.2d at 1054–55. Thus the court would not allow a plaintiff to rely on a charge of discrimination in termination to sustain an action for discrimination in reemployment.[8] Because Chang's claim concerning discriminatory rehiring practices is not "substantially similar" to allegations made in Zuckerstein's EEOC charge, Chang may not rely on Zuckerstein's timely EEOC filing. Therefore, we grant defendant's motion to dismiss Chang as a plaintiff with respect to this claim only.

Argonne argues that Zuckerstein claimed discrimination on account of his specific national origin, "German-Jewish-Czechoslovakian," and therefore Chang's claim of discrimination against an employee of Chinese origin cannot be "substantially similar." However, Zuckerstein's EEOC complaint makes several broader references to discrimination against "foreign born employees," "foreign nationals," "foreign born staff members," "persons born in non-English speaking countries" and "employees with a foreign background." Bearing in mind that EEOC charges are drafted by lay persons, Zuckerstein's charge can be said to allege discriminatory treatment of employees not born in the United States.

---

7. The *Lilly* plaintiffs filed a class action suit alleging racial discrimination in promotions, terminations, demotions and hiring practices. The Fourth Circuit applied the single-filing rule analysis to the promotion claim only, although it also held that class certification was improper with respect to that claim *Lilly,* 720 F.2d at 335.

8. The plaintiff's complaint had been timely with respect to the allegation of discrimination for failure to rehire but untimely as to the allegations of discriminatory discharge. *Caldwell,* 771 F.2d at 1054–55.

Furthermore, the Seventh Circuit has not required precise identification of the discrimination. In *Jenkins*, the plaintiff checked "racial discrimination" on the EEOC charge form and then stated that defendant "accused her of being a leader of the girls on the floor." She further stated that " '[a] White employee who associated with me might have been denied promotion because of her association with me.' " *Jenkins*, 538 F.2d at 169. The *Jenkins* court held that these statements were sufficient to also sustain a Title VII action for sex discrimination. *Id.*

Finally, there is no requirement to allege discrimination on account of a specific national origin. An EEOC charge which includes facts alleging, *inter alia*, discrimination for being "foreign born," is sufficient to notify an employer of discrimination and thus complies with the Title VII procedural requirements. *Shamley v. ITT Corp.*, No. 85 Civ. 1703 (JFK) (S.D.N.Y. April 9, 1987) [Available on WESTLAW, DCT database]. (LEXIS, Genfed Library, Dist File). Similar language in Zuckerstein's EEOC charge should also be interpreted to support a claim of discrimination against foreign-born employees rather than solely discrimination against a person of "German-Jewish-Czechoslovakian" origin.

### CONCLUSION

Argonne's motion for partial summary judgment to dismiss plaintiff Chang's Title VII claims is granted with respect to the claim of discrimination in not rehiring him. It is denied as to all other claims.