**Kathleen E. VONDEROHE, et al., Plaintiffs,**

v.

**B & S OF FORT WAYNE, INC., d/b/a Showgirl, et al., Defendants.**

No. 1:98–CV–279.

United States District Court, N.D. Indiana, Fort Wayne Division.

March 11, 1999.

T. Russell Strunk, Patrick L. Proctor, Cassandra L. Writz, Warsco Brogan and Strunk, Fort Wayne, IN, for plaintiffs.

James P. Buchholz, Miller Carson Boxberger and Murphy, Fort Wayne, IN, Charles F. Leonard, Mark A. Thoma, Tremper Bechert Leonard and Terrill, Fort Wayne, IN, Brad Shafer, Lansing, MI, for defendants.

### MEMORANDUM OF DECISION AND ORDER

COSBEY, United States Magistrate Judge.

## I. INTRODUCTION

This matter is before the Court[1] on the Defendants' "Motion for Partial Dismissal," filed on February 4, 1999. The Plaintiffs responded on February 17, 1999, the Defendant replied on March 4, 1999, and the motion is ripe for review.[2] For the reasons hereinafter provided, the Defendants' motion will be DENIED.

## II. FACTUAL AND PROCEDURAL HISTORY

The relevant facts are straightforward and undisputed. This action was initiated on September 15, 1998, when Plaintiffs Kathleen Vonderohe ("Vonderohe"), Gina Hutchison, Nancy Fuller, and Jenifer Killian, filed a complaint alleging a plethora of claims against the various Defendants, including a claim by Vonderohe against the corporate Defendants for sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq, as amended ("Title VII"). On November 10, 1998, an amended complaint was filed, which added Plaintiffs Dawn Daenens, and Shannon Cohee, and Tamara Kump ("Kump"), the latter of whom joined Vonderohe in alleging that she was sexually harassed in violation of Title VII. The Defendants seek to dismiss Kump's

---

1. Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

2. On March 9, 1999, the Plaintiffs filed a motion for leave to file a surreply brief, although no accompanying form of order was submitted. See N.D.Ind. L.R. 5.1(e). Nevertheless, in light of the Court's ruling, as explained infra, the Plaintiff's motion for leave to file a surreply is deemed MOOT.

Title VII claim on the ground that she failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and thus failed to exhaust her administrative remedies as required by Title VII. *See, e.g., Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 445 (7th Cir.1994); 42 U.S.C. § 2000e–5(e)(1). The Plaintiffs do not dispute the fact that Kump never filed an EEOC charge, but respond by arguing that she was excused from doing so under the "single filing rule." The Defendants contend in reply that Kump's Title VII claim (which they characterize as a "hostile environment" claim), is not sufficiently similar to Vonderohe's Title VII claim (which they characterize as a "quid pro quo" claim), and therefore Kump should not be allowed to "piggyback" her Title VII claim onto Vonderohe's EEOC charge.

## III. STANDARD OF REVIEW

■ The Defendants have brought their motion under Fed.R.Civ.P. 12(b)(1), asserting that Kump's failure to file an EEOC charge pursuant to § 2000e–5(e)(1) deprives the Court of subject matter jurisdiction over Kump's Title VII claim. Although the filing requirement of § 2000e–5(e)(1) does establish a condition precedent to bringing a Title VII claim in federal court, it is not a jurisdictional prerequisite. *Perkins v. Silverstein,* 939 F.2d 463, 469–70 (7th Cir.1991) ("Since *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) and *Stearns v. Consolidated Management, Inc.,* 747 F.2d 1105, 1111 (7th Cir.1984), we have consistently held that the administrative filing requirements imposed under Title VII[ ] are not 'jurisdictional prerequisites' which pose an absolute bar to suit, but rather 'conditions precedent,' similar to statutes of limitations, which are subject to equitable modification.") (citations omitted). The appropriate mechanism to dispose of a case on statute of limitations grounds is Fed.R.Civ.P. 12(b)(6), not Rule 12(b)(1), and therefore we shall treat the Defendants' motion as if it were made under Rule 12(b)(6). *See Hondo, Inc. v. Sterling,* 21 F.3d 775, 777 n. 3 (7th Cir.1994).

A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appears that the plaintiff can prove no set of facts which would support her claim of entitlement to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In determining the propriety of dismissal under Rule 12(b)(6), the court must "accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences therefrom in favor of the plaintiff." *Perkins,* 939 F.2d at 466. The purpose of the motion to dismiss is to test the legal sufficiency of the complaint and not to decide the merits. *Triad Assoc., Inc. v. Chicago Housing Auth.,* 892 F.2d 583, 586 (7th Cir.1989), *cert. denied,* 498 U.S. 845, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990). "If it appears beyond doubt that [a plaintiff] can prove any set of facts consistent with the allegations in the complaint which would entitled them to relief, dismissal is inappropriate." *Perkins,* 939 F.2d at 463. Further, the court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient ground for a motion to dismiss." *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985).

## IV. DISCUSSION

### A. The "Single Filing Rule"

[2] As discussed *supra,* a Title VII plaintiff is required to file a charge of discrimination with the EEOC before she may proceed in federal court. § 2000e–5(e)(1). "The charge filing requirement ensures that the employer has adequate notice of the charges and promotes conciliation at the administrative level." *Fairchild v. Forma Scientific, Inc.,* 147 F.3d 567, 575 (7th Cir.1998); *see also Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 127 (7th Cir.1989). Under the "single filing rule," a single EEOC charge may be sufficient under certain circumstances to satisfy the Title VII policies of notice and opportunity to conciliate for not only a single plaintiff, but for multiple plaintiffs. *See generally Zuckerstein v. Argonne Nat'l Laboratory,* 663 F.Supp. 569, 572–75 (N.D.Ill.1987) (discussing the development of the single filing rule). Generally speaking, "[t]he rationale behind the 'single filing rule'

is the belief that it would be wasteful for numerous employees with the same grievances to file identical complaints with the EEOC." *EEOC v. Wilson Metal Casket Co.,* 24 F.3d 836, 840 (6th Cir.1994) (citation omitted). As the D.C. Circuit explained,

> [i]t thus appears that the critical factor in determining whether an individual Title VII plaintiff must file an EEOC charge, or whether he may escape this requirement by joining with another plaintiff who has filed such a charge, is the similarity if the two plaintiffs' complaints. Where the two claims are so similar that it can fairly be said that no conciliatory purpose would be served by filing separate EEOC charges, then it would be 'wasteful, if not vain,' to require separate EEOC filings.

*Foster v. Gueory,* 655 F.2d 1319, 1322 (D.C.Cir.1981) (internal citation omitted). Every Court of Appeals that has considered the issue in the context of Title VII has permitted, in appropriate circumstances, plaintiffs who have not filed EEOC charges to join in the Title VII claim of a plaintiff who has filed a timely EEOC charge.[3]

 The Seventh Circuit has not squarely applied the single filing rule in a case arising under Title VII, but very clearly indicated its approval of the rule in *Anderson v. Montgomery Ward & Co., Inc. .,* 852 F.2d 1008 (7th Cir.1988).[4] *See also Allen v. City of Chicago,* 828 F.Supp. 543, 556 (N.D.Ill. 1993) ("Indeed, it is well-settled under Title VII, 'plaintiffs who have not timely filed a charge can rely on the timely charge of another plaintiff in a class action or in a multiple plaintiff joint action.' ") (quoting *Anderson,* 852 F.2d at 1017–18); *Allen v. American Home Prods., Inc.,* S85–CV–516(RM), 1992 WL 247581, at *6 (N.D.Ind. May 6, 1992) (observing that the Seventh Circuit adopted the single filing doctrine in *Anderson* ). As explained *supra,* the key factor in determining whether Kump may take advantage of the single filing rule is the similarity of her Title VII claim to Vonderohe's EEOC charge and Title VII claim.[5] *Foster,* 655 F.2d at 1322. The two claims need not be identical, but they must arise out of similar discriminatory treatment in the same time frame so that the policies of notice and conciliation are not contravened. *See Snell,* 782 F.2d at 1100–01; *Lilly,* 720 F.2d at 335; *Jackson,* 678 F.2d at 1011–12; *Foster,* 655 F.2d at 1323; *Wheeler,* 563 F.2d at 1239; *Allen,* 828 F.Supp. at 556; *Zuckerstein,* 663 F.Supp. at 574–75.

## B. Analysis

Against this backdrop the Defendants argue that the single filing rule should not work to preserve Kump's Title VII claim because it does not arise out of similar discriminatory treatment as Vonderohe's claim. Specifically, the Defendants argue that Vonderohe's EEOC charge and Title VII claim set forth allegations of "quid pro quo" sexual harassment, while Kump's Title VII claim

---

3. *See EEOC v. Wilson Metal Casket Co.,* 24 F.3d 836, 840 (6th Cir.1994); *Snell v. Suffolk County,* 782 F.2d 1094, 1100 (2d Cir.1986); *Lilly v. Harris–Teeter Supermarket,* 720 F.2d 326, 335 (4th Cir.1983), *cert. denied,* 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 539 (1984); *Jackson v. Seaboard Coast Line R.R.,* 678 F.2d 992, 1011–12 (11th Cir.1982); *Foster v. Gueory,* 655 F.2d 1319, 1322 (D.C.Cir.1981); *Wheeler v. American Home Products Corp.,* 582 F.2d 891, 897 (5th Cir.1977); *Allen v. Amalgamated Transit Union Local 788,* 554 F.2d 876, 883 (8th Cir.), *cert. denied,* 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977). We also observe that district courts in the Ninth Circuit, *Logan v. West Coast Benson Hotel,* 981 F.Supp. 1301, 1313 (D.Or.1997), and the Tenth Circuit, *Rubidoux v. Johnston,* 954 F.Supp. 1477 (D.Colo.1997); *Lange v. Cigna Individual Financial Servs. Co.,* 759 F.Supp. 764, 767 (D.Kan. 1991), have adopted the single filing rule.

4. The Seventh Circuit stated:

> Every court of appeals that has addressed the issue has held, under Title VII, that plaintiffs who have not timely filed a charge can rely on the timely charge of another plaintiff in a class action or in a multiple plaintiff joint action. [citations omitted] Although we earlier said that Title VII is not always the model for ADEA, particularly in matters of litigation procedure, we see no reason why a claimant should be able to rely on another claimant's charge in a representative [ADEA] action but not in a joint [Title VII] action.
>
> *Anderson,* 852 F.2d at 1017–18.

5. Of course, the single filing rule does not apply if there is not at least one plaintiff who has complied with the administrative prerequisites set forth in § 2000e–5(e). *Zuckerstein,* 663 F.Supp. at 574. In this case there is no dispute that Vonderohe has filed a timely and conforming EEOC charge.

sets forth a "hostile work environment" sexual harassment claim. According to the Defendants, these claims are "vastly different," and therefore Vonderohe's EEOC charge was not sufficient to provide notice to the Defendants that they might be subject to Kump's hostile environment claim.[6] The Defendants rely upon *Speer v. Rand McNally & Co.,* 123 F.3d 658 (7th Cir.1997), and *Brill v. Lante Corp.,* 119 F.3d 1266 (7th Cir.1997), cases which arguably stand for the proposition that quid pro quo claims and hostile environment claims are separate and distinct theories, to support their position.[7]

However, the pertinent question here is not whether quid pro quo claims are distinct from hostile environment claims, but whether the allegations in Vonderohe's EEOC charge and Title VII claim are sufficient to put the Defendants on notice that they might be subject to hostile environment claims based upon similar discriminatory treatment in the same time frame. In other words, the Court must focus on Vonderohe's EEOC charge and Title VII claim and determine if they can be fairly read to advance a hostile environment claim in addition to a quid pro quo claim. If so, then Kump should be permitted to take advantage of the single filing rule because the Defendants would have received adequate notice of a hostile environment claim. Of course, given that the Defendant's motion is properly brought under Rule 12(b)(6), the Court must liberally construe Vonderohe's EEOC charge and Title VII claim, and the Defendants' motion to dismiss will prevail only if Vonderohe can prove no set of facts which would support a hostile work environment claim.

This analysis is supported by the fact that Title VII "strikes at the entire spectrum of disparate treatment" on the basis of sex, race, national origin, and religion, *Venters v. City of Delphi,* 123 F.3d 956, 974 (7th Cir. 1997), and the recognition that certain conduct may violate Title VII under one or more theories of liability. As the *Venters* court explained:

> [s]exual harassment can occur in *either or both of two forms:* quid pro quo harassment and hostile environment harassment. Quid pro quo harassment occurs when the availability to the plaintiff of tangible employment benefits is conditioned upon her compliance with a harasser's sexual demands. The second category of harassment, on the other hand, includes conduct that has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.... We take the opportunity to reiterate, however, that the distinction between the two kinds of harassment is analytical, not statutory, *The varying permutations of harassment people experience in the real world will not always fall neatly into one category or the other. As we explain below, the conduct that Venters has attributed to Ives and the city has elements of both kinds of harassment.*

*Id.* at 975 (emphasis added). Indeed, the *Venters* court concluded that a reasonable person could have found that the alleged discriminatory conduct created a hostile

---

**6.** The Defendants do not argue that Kump's failure to file an EEOC charge deprived them of the opportunity to engage in conciliation efforts with her and the EEOC. *See Zuckerstein,* 663 F.Supp. at 576 ("[I]f the administrative process did not result in relief for [the plaintiff who filed a timely EEOC charge], there is little reason to believe that a timely EEOC filing by [the plaintiff who did not file an EEOC charge] would have resulted in a settlement of the complaint.").

**7.** It can be argued that the Supreme Court's recent decision in *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, ——, 118 S.Ct. 2257, 2264–65, 141 L.Ed.2d 633 (1998), limits the importance of the distinction between the quid pro quo and hostile environment theories of sexual

harassment. However, as explained *infra,* whatever distinctions may remain between these theories after *Burlington,* they are not relevant to the Court's decision on the instant motion.

However, the Court would point out that the vicarious liability standard for sexual harassment by a supervisor enunciated in *Burlington* and its companion case, *Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), would seem to apply in some fashion to this case, given that much of the alleged harassment is attributed to supervisors of Vonderohe and Kump. *See generally Fall v. Indiana Univ. Bd. of Trustees,* 12 F.Supp.2d 870, 880–84 (N.D.Ind.1998) (Cosbey, M.J.) (interpreting and applying the *Faragher/Burlington* standard).

work environment, and at the same time "fit neatly within the quid pro quo framework." *Id.* at 975–77. *See also Savino v. The C.P. Hall Co.,* 988 F.Supp. 1171, 1180–87 (N.D.Ill. 1997) (discussing a "threat" by a supervisor that a reasonable jury could view as both creating a hostile. environment and constituting quid pro quo harassment). Therefore, we must determine whether Vonderohe's EEOC charge and Title VII claim state a claim for hostile work environment harassment as well as quid pro quo harassment.

■ Without recounting the specific allegations of Vonderohe's EEOC charge, it can be fairly stated that Vonderohe alleges that she was sexually harassed by other employees as well as her supervisor in the form of solicitations for sex and sexual acts, and was subjected to uninvited and unwelcome questions and comments of a lewd and sexual nature. Taken as true, these allegations describe a course of conduct that was severe and pervasive enough to create an intimidating, hostile and offensive working environment on the basis of Vonderohe's sex. *E.g., Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, ——, 118 S.Ct. 998, 1002–03, 140 L.Ed.2d 201 (1998). The fact that Vonderohe also claims that she was fired for refusing the demands for sex from her co-workers and supervisors, (which the Defendants concede states a quid pro quo sexual harassment claim), does not somehow eviscerate her hostile environment claim. Indeed, the jury may ultimately decide that the Defendants are not liable under Vonderohe's quid pro quo theory because tangible employment benefits were never conditioned upon Vonderohe's compliance with her harassers' sexual demands. However, if the jury accepts the truth of Vonderohe's allegations of constant unwelcome discriminatory comments, the jury may properly impose Title VII liability upon the Defendants. *Venters,* 123 F.3d at 975 (the distinction between quid pro quo and hostile environment sexual harass-

ment is analytical, not statutory). In sum, Vonderohe's Title VII claim, taken together with the EEOC charge upon which it is based, states a claim for both quid pro quo and hostile environment sexual harassment.

A brief comparison of the hostile environment claims of Kump and Vonderohe reveals that they are based on similar discriminatory treatment, at the hands of the same offenders (particularly their supervisor, James Butler), during the same time frame. Both Kump and Vonderohe allege a pattern of derogatory remarks and treatment that, taken as true, establish a hostile work environment on the basis of sex in violation of Title VII.[8] Although their claims and allegations of sexual harassment are not identical, we find that they are similar enough in scope and time that the notice and conciliation policies of Title VII will not be contravened by excusing Kump from filing a charge of discrimination with the EEOC. *Wilson Metal Casket Co.,* 24 F.3d at 840 (common practice of sexual harassment against female employees); *Logan,* 981 F.Supp. at 1314 (same).

## V. CONCLUSION

For all the aforementioned reasons, the Defendants' Motion for Partial Dismissal is DENIED.

---

8. The Court also observes that paragraph 28 of the amended complaint alleges:

 The Defendants have deprived the Plaintiffs Vonderohe and Kump of rights secured under Title VII ... by discriminating against them on the basis of sex ... This discrimination took the form sexual harassment [sic] *that created a hostile work environment for Vonderohe and Kump.* In Vonderohe's case, this discrimination also took the form of quid pro quo demands for sex in exchange for employment benefits and disparate treatment by terminating Vonderohe for not engaging in sexual activities with her manager and co-workers. (emphasis added).